UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO.  1:09 CR 202** |
| | ) | **1:12 CV 971** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **David E. Groppi, Sr.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant's Motion to Correct Sentence (Doc. 40). This is a mail fraud case. For the reasons that follow, the motion is DENIED. Defendant has also shown no basis to warrant either discovery or an evidentiary hearing. Accordingly, his Motion for Evidentiary Hearing (Doc. 44) and Motion for Leave to Conduct Discovery (Doc. 45) are DENIED.

**FACTS**

Defendant was indicted on one count of mail fraud. The indictment charged defendant

1

with defrauding approximately 100 victims with a total loss of $280,000. Defendant plead guilty to the indictment. At sentencing, the PSR showed a criminal history category of VI. Defense counsel argued that the PSR overstated defendant's criminal history and requested a downward departure. The Court granted the request and departed downward to a criminal history category of V. This Court sentenced defendant to 68 months imprisonment. In addition, the Court ordered restitution in the amount of $435,075.

Defendant appealed his sentence to the Sixth Circuit. There, defendant argued that the sentence overstated the number of victims and the amount of losses. The Sixth Circuit rejected defendant's argument on the grounds that he pled guilty to the offense, thereby admitting that the number of victims was approximately 100, with total losses of more than $200,000. In addition, the Sixth Circuit rejected defendant's argument that this Court erred by refusing to grant a further downward departure or erroneously applying the § 3553(a) factors.

Thereafter, defendant filed the instant motion seeking collateral relief under 28 U.S.C. § 2255. The government opposes the motion.

**ANALYSIS**

Defendant presents four grounds for relief. First, the Court improperly calculated his criminal history category. Second, defendant argues that the Court overstated the total loss in determining restitution. Third, defendant claims that Court overstated the number of victims. Fourth, defendant argues that the Court failed to give him credit for a six-month prison sentence he served in state court.

The government argues that grounds one through three may not be brought on collateral review. The Court agrees. Defendant filed a direct appeal and could have presented these issues

at that time. Moreover, defendant did in fact raise grounds two and three with the Sixth Circuit, which expressly rejected the arguments defendant now makes. Accordingly, defendant may not now raise issues that were either not raised on his direct appeal, or were raised and rejected by the Sixth Circuit. *See, Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998).

To the extent defendant is not procedurally defaulted from raising ground four, the Court finds that it wholly lacks merit. Defendant argues that the Court failed to give him "credit for time served" with respect to a six-month sentence he served in 2004. As the government correctly points out, neither the victim in the state case nor the losses were included in the federal case. Accordingly, defendant was not entitled to credit for time served.

**CERTIFICATE OF APPEALABILITY**

Based on the foregoing, the Court declines to issue a certificate of appealability.

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under

3

> *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, the Court does not find that defendant has made a substantial showing of the denial of a constitutional right.  Accordingly, the Court declines to issue a certificate of appealability.

### **CONCLUSION**

For the foregoing reasons, defendant's Motion to Correct Sentence (Doc. 40), Motion for Evidentiary Hearing (Doc. 44), and Motion for Leave to Conduct Discovery (Doc. 45) are DENIED.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 8/6/12

4