UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| **United States of America,** | ) | **CASE NO.** | **1:09 CR 202** |
| | ) | | **1:12 CV 971** |
| | ) | | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** | |
| | ) | | |
| Vs. | ) | | |
| | ) | | |
| **David E. Groppi, Sr.,** | ) | **Memorandum of Opinion and Order** | |
| | ) | | |
| Defendant. | ) | | |

**INTRODUCTION**

This matter is before the Court upon defendant's Motion to Alter or Amend a Judgment Pursuant to Federal Rule of Civil Procedure 59(e).  This is a mail fraud case.  For the reasons that follow, the motion is DENIED.

**FACTS**

Defendant was indicted on one count of mail fraud.  The indictment charged defendant with defrauding approximately 100 victims with a total loss of $280,000.  Defendant plead guilty to the indictment.  At sentencing, the PSR showed a criminal history category of VI.  Defense

1

counsel argued that the PSR overstated defendant's criminal history and requested a downward departure.  The Court granted the request and departed downward to a criminal history category of V.  This Court sentenced defendant to 68 months imprisonment.  In addition, the Court ordered restitution in the amount of $435,075.

Defendant appealed his sentence to the Sixth Circuit.  There, defendant argued that the sentence overstated the number of victims and the amount of losses. The Sixth Circuit rejected defendant's argument on the grounds that he pled guilty to the offense, thereby admitting that the number of victims was approximately 100, with total losses of more than $200,000.  In addition, the Sixth Circuit rejected defendant's argument that this Court erred by refusing to grant a further downward departure or erroneously applying the § 3553(a) factors.

Thereafter, defendant filed for relief under 28 U.S.C. § 2255.  The government opposed the motion, which the Court denied.  Petitioner now argues that his § 2255 petition was wrongly decided because all of his claims are asserted as claims for "ineffective assistance of counsel" and, therefore the Sixth Circuit's determinations do not preclude relief.  The government did not file a brief in opposition.

**ANALYSIS**

Petitioner argues that his attorney was ineffective because the number of victims was less than 100 and had his attorney "inquired" of the facts, he may not have plead guilty.  This argument is rejected.  During the plea colloquy, the government expressly articulated the factual basis for the plea, which included the number of victims.  Thereafter, petitioner *admitted* the allegations.   There is no suggestion, nor could there be, that the plea was not voluntarily entered based on the number of victims.  Accordingly, this argument is rejected.

Next, petitioner argues that his counsel was deficient for failing to make certain unidentified objections to the pre-sentence investigation report ("PSI"). In addition, petitioner claims that counsel failed to object to the criminal history calculation. In Doc. 40-3, petitioner outlines what he believes are valid objections to the PSI. The Court has reviewed each objection and finds them to be without merit.[1] Accordingly, petitioner suffered no prejudice as a result of counsel's failure to object to the PSI.

Petitioner now argues that his counsel failed to properly investigate the amount of restitution and, as such, petitioner was denied effective assistance of counsel in entering his plea. Even reading petitioner's motion in the most favorable light, no such argument is made in the motion. Rather, in his § 2255 motion, petitioner expressly argues that the restitution order is inflated and that it "needs to be modified" to "reflect the true loss of $241,257.00." The Court rejected this argument because petitioner did not raise it on direct appeal. Now, petitioner wholly changes course and argues that his plea was involuntarily entered because counsel never informed him of the amount of restitution that would be ordered. This argument is not presented in petitioner's motion and, therefore, is not appropriately considered in a motion to alter or amend.

Petitioner again argues that he should be entitled to credit for time served as a result of a state conviction. The Court has reviewed petitioner's argument and finds nothing warranting an

---

[1] By way of example only, the Court notes that petitioner objects that his criminal history improperly included a case "over ten years old." The rule, however, applies from the date the second offense *occurs*, which in this case is the 2003-2004 time period. Thus, the case dated 2/23/99 was within ten years of the occurrence of the instant offense. Similarly, cases sentenced on the same day are properly included where intervening arrests occurred.

3

amendment to the Court's previous ruling.

### **CERTIFICATE OF APPEALABILITY**

Based on the foregoing, the Court declines to issue a certificate of appealability.

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, the Court does not find that petitioner has made a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

                        /s/ Patricia A. Gaughan
                        PATRICIA A. GAUGHAN
                        United States District Judge

Dated: 11/14/12